[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11277
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00391-WSD-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS CORDOVA-ALVARADO,
a.k.a. Jose Carlos Argeta,
a.k.a. Juan Carlos Cordova-Alarado
a.k.a. Juan Carlos Cordova-Alvardo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 17, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Carlos Cordova-Alvarado appeals his 15-month sentence following his

conviction for one count of unlawful reentry into the United States by a previously

deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Cordova-Alvarado argues that his sentence was substantively unreasonable because the district court refused to grant him a downward departure based on his cultural assimilation in the United States, and because the district court failed to credit (or consider) the three months he spent in a U.S. Immigration and Customs Enforcement ("ICE") detention center.

We review our subject matter jurisdiction *de novo*.  *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).  We lack jurisdiction to review a district court's discretionary refusal to grant a downward departure, unless the district court incorrectly believed that it lacked the authority to depart from the guideline range.  *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).  Further, we will assume that the sentencing court properly understood its authority, absent a record indication to the contrary.  *Id.* at 1228.

Where appropriate, we review the substantive reasonableness of a sentence under the deferential abuse of discretion standard of review.  *United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010) (*en banc*).  In conducting our review, we consider the totality of the circumstances and whether the statutory factors in § 3553(a) support the sentence in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors.

2

*United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not apply a presumption of reasonableness to a sentence imposed within the guidelines, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). That a sentence is below the statutory maximum penalty is a further indicator of reasonableness. *See Gonzalez*, 550 F.3d at 1324 (finding a sentence reasonable in part because it was well below the statutory maximum).

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually, so long as it expressly

3

acknowledges that it considered the party's arguments on the sentencing factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The weight accorded to any one § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is also free to attach "great weight" to one factor over the others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015) (quotation omitted). We will not overturn a sentence unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190.

The Guidelines commentary for U.S.S.G. § 2L1.2, which applies to unlawful entry crimes, provides that a downward departure "may be appropriate on the basis of cultural assimilation" where the defendant formed cultural ties primarily with the United States after residing continuously in the country since childhood, and where those cultural ties provided the primary motivation for the entry. U.S.S.G. § 2L1.2, comment. (n. 7). In determining whether to grant such a departure, the district court should consider, *inter alia*, the age at which the defendant began living continuously in the U.S., whether the defendant attended school in the U.S.,

the nature and extent of the defendant's familial ties in and outside of the U.S., and the defendant's criminal history. *Id.*

As a preliminary matter, we lack jurisdiction to expressly review the district court's refusal to grant Cordova-Alvarado a downward departure. Nothing in the record suggests that the court mistakenly believed it lacked jurisdiction to grant the requested relief; on the contrary, the district court specifically considered Cordova-Alvarado's arguments and determined that the departure was not warranted. Moreover, Cordova-Alvarado does not argue that the district court held such a mistaken belief. Accordingly, the denial of a downward departure is not a reviewable decision. *Dudley*, 463 F.3d at 1228.

To the extent Cordova-Alvarado generally challenges the substantive reasonableness of his sentence, in part based on the cultural assimilation factors, his arguments lack merit. At the outset, the facts that the sentence was at the low end of the Guidelines range and well below the statutory minimum show that the sentence was substantively reasonable. *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. Moreover, the district court specifically considered the facts that Cordova-Alvarado spent the bulk of his life in the U.S. and had extensive family here, and it correspondingly decided to give him "a break." Due to Cordova-Alvarado's extensive criminal history, repeated attempts to enter the country

illegally, and several probation violations, however, the district court determined that the needs for deterrence and to reflect the seriousness of the crime warranted the sentence.  It was also clear from the pronouncement that the district court determined the need for Cordova-Alvarado to receive a Guidelines sentence in light of his history and the § 3553(a) factors.  The district court had wide discretion to weigh these factors and was free to attach "great weight" to some over the others; nothing in the record leads to the "definite and firm conviction that [it] committed a clear error of judgment" in doing so.  *See Clay*, 483 F.3d at 743; *Rosales-Bruno*, 789 F.3d at 1255; *Irey*, 612 F.3d at 1190.

Cordova-Alvarado also challenges his sentence as substantively unreasonable because the district court did not credit him with the 3 months he had already spent in prison.  As discussed above, the court gave him a sentence at the low end of the guidelines range and gave detailed reasons for the sentence.  To the extent Cordova-Alvarado's brief on appeal might be construed as implicitly arguing that the district court reversibly erred in failing to vary below the guidelines range to credit him with the 3 months previously served, we conclude that the district court did not abuse its discretion in choosing not to vary downward.

In sum, the district court did not abuse its discretion in imposing a 15-month sentence, and the sentence was substantively reasonable.  Accordingly, we affirm.

6

**AFFIRMED.**